Álice L. Irwin *et al.*

*v.*

Flora A. Brown.

*Filed at Ottawa, May 9, 1893.*

1. Mortgage — *on a one-third interest — estate affected thereby — unrecorded deed.* A brother and sister each owned a one-third interest in real estate inherited by them. The former, for the purpose of concealing his interest, conveyed the same to his sister, and the deed was recorded, and she and her husband made a deed back to him of his one-third interest, which was kept from the records. Shortly after, he procured the sister and her husband to execute a mortgage on the undivided one-third of the land to secure his two notes to the mortgagee. The mortgagors were led to think that the mortgage affected only his one-third interest; by foreclosure the sister's interest in the land was ordered to be sold. *Held,* that her mortgage affected only her interest in the property, and not that of her brother.

2. Although the re-conveyance of the sister was not recorded, the title passed by the execution and delivery of the deed as effectually as if it had been recorded, and the mortgage given by her affected her interest in the land alone, in the absence of any proof showing notice of the fraud practiced by the brother upon his sister.

3. Same—*to secure the debt of another—agreement to release—consideration.* A written agreement of a mortgagee recited that in consideration

of a desire to protect the interests of a nephew, whose debt was secured by the mortgage on his sister's interest in land, the mortgagee would release the mortgage upon demand of such nephew, whenever it should appear that he would otherwise suffer loss. *Held*, that such writing shows no sufficient consideration for the agreement, and can not be enforced.

4. An agreement by the holder of a mortgage, given by a third person on his land to secure the debt of another, to release the mortgage on the demand of the debtor "whenever it shall appear that he will suffer loss unless the same be released," will not entitle the debtor to have the mortgage released without proof of such demand, and that he will incur loss by the foreclosure of the mortgage. In such case, where the debt secured is a *bona fide* one, it can not be that he will in any legal sense suffer loss by the foreclosure of the mortgage on real estate in which he has no interest.

5. EVIDENCE—*denying execution of written instrument.* Where the execution of a written agreement is denied, the fact that the party was not in the place at which it purports to have been made and acknowledged at the time of its date, is proper evidence tending to show that the party never executed the same. It will, in the absence of other evidence, be presumed to have been executed, if at all, on the day it bears date.

6. CHANCERY—*cross-bill—preponderance of proof required.* When a defendant seeks affirmative relief by cross-bill, setting up a second agreement between the parties, he must establish, by a preponderance of proof, that such agreement was entered into by the complainant, or his cross-bill will be dismissed.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook County; the Hon. H. M. SHEPARD, Judge, presiding.

This proceeding was begun in the Superior Court of Cook County by appellee, against appellants, to foreclose a real estate mortgage, and brought to this court by appeal from the Appellate Court for the First District.

The bill alleges that on the 25th day of June, 1886, the complainant and William A. Paulsen, one of the defendants named in the bill, adjusted all differences then existing between them, and signed an agreement in writing, as follows:

"*Agreement.*—All matters in dispute are settled on the following basis: Said Flora A. Brown is to deed to Paulsen,

or person designated by him, the five houses on corner of Scott and Astor streets, Chicago, subject to a mortgage, $22,000, and contractor's claims. Paulsen to give complainant one note, $1,000, due in three years, and one note, $12,500, due in ten years, interest on both five per cent, semi-annually; also his bond, $10,000, to indemnify Flora A. Brown and Lewis A. Brown from claims arising from the construction of said houses; notes to be secured by mortgage, executed by Alice L. Irwin and husband on undivided one-third of all those parts of lot eleven in north addition to Chicago and the land lying between said lot eleven and North Clark street, which were owned by Augusta Paulsen at the time of her death; said mortgage to be a first lien, except as to a mortgage made by Augusta Paulsen. Paulsen may pay part and get partial release. Said Flora A. Brown to advance Paulsen $1,000 to pay interest on $22,000 mortgage and taxes on property; the $1,000 note is for this advancement.

Said Flora A. Brown is to surrender a $500 note of his to Paulsen. Paulsen may use Flora A. Brown's name to recover money from Clifford, Anthony and Paulsen, for his benefit and at his expense; and said Paulsen is to defend mechanic's lien suits on said five houses; the Augusta Paulsen mortgage may be renewed. Notes shall be marked non-negotiable. Signed by:

> FLORA A. BROWN,
> LEWIS A. BROWN,
> W. A. PAULSEN."

That the complainant complied with all the terms of said agreement on her part, and, in pursuance thereof, Alice L. Irwin and Fairfax Irwin, her husband, executed and delivered to complainant their certain deed of mortgage dated on said 25th day of June, 1886, upon "the undivided one-third of lots 7 to 12 inclusive, in Edson's subdivision of lot 11, in north addition to Chicago, and lot 1, block A, in county clerk's addition, etc., in the city of Chicago, to secure the

payment of two promissory notes made by said William A. Paulsen, payable to the complainant, bearing even date with said mortgage, one for $1,000, due on or before June 25th, 1889, and the other for $12,500, due on or before June 25th, 1896, each bearing 5 per cent per annum interest, payable half yearly.

Under a provision of the mortgage to that effect, for a default in the payment of an installment of interest due on said notes, the whole indebtedness was declared due, and this bill filed to foreclose the same.

The bill further alleges that said Paulsen, on April 20, 1886, had conveyed by quit-claim deed, to said Alice L. Irwin, an undivided one-third of said real estate, which was recorded on the 26th of the same month, but that his wife did not join therein; that, on the 24th of the same month, said Alice L. Irwin and husband reconveyed the same premises to said Paulsen by warranty deed, but that the same was not recorded until February 4, 1887; that, by reason of said reconveyance, Alice L. Irwin had title to but one undivided one-third of said real estate at the time she executed said mortgage to complainant, and that the same is a valid lien upon said one-third, subject only to a lien of the U. S. Mortgage Company, being the mortgage mentioned in said agreement made by Augusta Paulsen.

The prayer is for a decree of foreclosure, etc.

The joint answer of Alice L. Irwin and her husband admits the conveyance to Alice L. by William A. Paulsen, and the reconveyance by her and her husband, as alleged in the bill, and the execution of said mortgage, but allege that no consideration moved to or from them in connection with any of said conveyances, but that they were made for the accommodation of said Paulsen solely. They further aver that the quit-claim deed from Paulsen to Alice L. and the reconveyance to him, the recording of the first, and failing to record the second, was a scheme of said Paulsen to cover up his one-third interest in said property, and that

upon his representation that they could execute said mortgage without in any way affecting the one-third interest of said Alice L. in her own right, they, the defendants, executed the same, understanding and intending to thereby convey only the interest of said Paulsen; that complainant knew that it was so understood and intended, and consented thereto. The answer of William A. Paulsen admits the execution of the notes and mortgage described in the bill, but denies that the latter was intended to be a lien upon any other than his interest in said real estate; he denies that the complainant performed on her part the agreement set up in the bill, and denies that he is legally indebted to her on either of said notes. He also filed a cross-bill, in which he sets up, at great length, transactions alleged to have been had between himself and appellee prior to the date of the agreement set out in the bill, and avers that, at the time it was entered into, he and appellee made another agreement by parol, which was, on the 11th day of November following, reduced to writing, a copy of which is attached to and made a part of his cross-bill, as follows:

Memorandum of agreement, made between William A. Paulsen and Flora A. Brown, both of Cook county, Illinois, to wit:

In consideration of a desire to protect the interests of my nephew, the said William A. Paulsen, against harm or loss in the matters now in dispute between him and his sister, Alice L. Irwin, growing out of mortgages or trust deeds executed by her to secure notes of said Paulsen to me; and in further consideration of said Paulsen promising speedy payment of the note secured on the Lake View farm, known as the "fourteen acres," and because of verbal agreement heretofore made between us, as an inducement to said Paulsen to make the settlement heretofore made of matters in dispute between us, in which verbal agreement said Flora A. Brown agreed to give said Paulsen every aid in her power to carry on the litigation of said Paulsen

against Manske and others, and, in case of his ultimate defeat, to assist him in borrowing money to pay any decree rendered against him in said litigation, and wherein said Flora A. Brown had further agreed to hold the large note of said Paulsen until its maturity, then give it gratis to said Paulsen, or provide for its payment or cancellation in her will in case of death, and because of a fear that such will might not hold good, or of a serious complication with his sister on account of the said mortgage executed by her and her husband to secure said large note, it is agreed that said Flora A Brown, her heirs, administrators or assigns, are to execute a lawful, proper release of said mortgage, executed by the said Alice L. Irwin and Fairfax Irwin, her husband, bearing date June twenty-fifth, 1886 (25th, 1886), and recorded in book 1,949, recorder's book, page 315, on the eleventh of August, 1886, and conveying the undivided one-third of the south thirty (30) feet of lot six (6), and the undivided one-third of lots seven (7) to twelve (12), inclusive, all in Edson's subdivision of lot eleven (11) in north addition to Chicago; also the undivided one-third of lot one (1) in block A, county clerk's division of lands lying between the west line of North Clark street and the east line of said north addition, upon demand of said Paulsen, whenever it shall appear that he will suffer loss unless same is released.

It is agreed by both parties hereto that the said small note shall be paid and mortgage released within six (6) months from this date, and this agreement shall be kept secret until its use becomes necessary for the purpose above set forth.

Witness our hands and seals on this 11th day of November, A. D. 1886.

(Signed)   FLORA A. BROWN   (SEAL.)
(Signed)   WILLIAM A. PAULSEN.   (SEAL.)
Atttest:
(Signed)   EDWARD J. JUDD.

To this cross-bill appellee filed her answer, and among other things denied that she made said last mentioned agreement, or in any way or manner authorized the making of the same, but avers that the same shows upon its face that it was without consideration and of no effect. Replications to the several answers having been filed, the cause was heard upon the pleadings and proofs, and a decree entered as prayed in the original bill, the cross-bill being dismissed at the cost of the complainant therein. That decree was affirmed by the Appellate Court.

Messrs. BLACK & FITZGERALD and Mr. EUGENE CLIFFORD, for the appellants.

Mr. FRANK J. CRAWFORD, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Upon the errors assigned, two grounds of reversal are urged; viz., First, the Superior Court erred in dismissing the cross-bill; and, second, in holding the interest of Alice L. Irwin in the land described in the bill subject to the lien of said mortgage.

To have sustained the cross-bill, the complainant therein would have been required to establish, by a preponderance of proof, that the agreement therein set forth, of November 11, 1886, was entered into by appellee as alleged. The evidence on that subject is conflicting, but we think the weight of it is against the allegations of the bill. The writing upon its face purports to evidence a most singular and unusual business transaction, and is not calculated in and of itself to impress the legal mind with its genuineness.

Appellee swears positively that she did not execute it, and it is quite satisfactorily shown by her own evidence, and that of other witnesses, that at the time it purports to have been entered into she was not in Chicago, where it appears to have been signed and acknowledged.

Counsel for appellants say that fact does not disprove its execution, because the true date of the agreement may have

been another than that written.   Presumably it was execu-
ted, if at all, on the day it bears date.   No one says it was
not, and the notary's certificate, relied upon in part to prove
its execution, expressly states that it was signed and
acknowledged on that day.   There are other facts in proof
tending to corroborate appellee, and we think the finding
of the chancellor in her favor on the issue as to the gen-
uineness of said agreement is in accordance with the weight
of the evidence.

The contract, even if its execution had been proved,
would not, under the evidence in this record, entitle the
complainant in the cross-bill to the relief prayed.   Accord-
ing to its terms, appellee only agreed to release said mort-
gage upon demand of said Paulsen, whenever it should ap-
pear that he would suffer loss unless the same was released.
The indebtedness to secure which the mortgage was given
is shown by the evidence to have been an actual, existing
debt due, from said Paulsen to appellee, and all that this
bill seeks to do is to enforce payment of that indebtedness.
How, then, can it be said that he will, in a legal sense,
suffer loss?

We are also of the opinion that the writing shows no
sufficient consideration for the agreement.

The cross-bill was properly dismissed.

On the second point, it must be conceded that the mort-
gage purports to convey the one-third interest in the mort-
gage premises owned by Alice L. Irwin in her own right,
there being nothing therein to show that she intended to
convey the interest of any other person.   When she made
the mortgage she held the title to but one undivided one-
third interest in the premises.   Long prior thereto she had
reconveyed to William A. Paulsen all the title she had pre-
viously received from him.   It is true that reconveyance had
not been recorded, but no one will deny that the title passed
by the execution and delivery of the deed as effectually
without its being recorded as with it.   It must be presumed,

in the absence of proof to the contrary, that Mrs. Irwin knew this, and therefore that she mortgaged her own interest, knowing that she could legally mortgage no other.

Prior to the 25th of June, 1886, the title to William A. Paulsen's interest in the mortgaged premises had been deeded back to him, and yet on that day he deliberately contracted with appellee that Mrs. Irwin and her husband "should execute a mortgage on the undivided one-third," etc. He certainly knew at that time that Mrs. Irwin could not legally mortgage his interest in said premises. The only ground, then, upon which it could be successfully contended that the mortgage in question did not in equity convey the interest of Mrs. Irwin, would be that, availing himself of the fact that the reconveyance to him had not been recorded, William L. Paulsen, by fraudulent representations, induced his sister to believe, as she states in her answer, "that she and her husband could execute such mortgage without in any way affecting the one-third she inherited from her mother;" and that appellee so far participated in such fraud, or consented thereto, as to be bound by the same. It is clear that such a fraudulent representation would not be, in law, one upon which a party would have a right to rely, and, therefore, it could not be made the basis of a prayer for relief in equity; but the evidence in this record wholly fails to connect appellee with any such fraud. All that Mrs. Irwin claims in her testimony is that appellee's attorney told her that the mortgage would cover only the interest of Paulsen, and this the attorney denies.

The complainant below made a case entitling her to the decree rendered, by the introduction in evidence of the notes and mortgage described in her bill, and we think it clear that no sufficient evidence was offered by the defendants to overcome that case. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*